IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RYAN LAWRENCE ANTHONY**, <br><br> Petitioner, <br><br> v. <br><br> **GARRETT LANEY**, <br><br> Respondent. | Case No. 6:20-cv-511-JE <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge John Jelderks issued a Findings and Recommendation (F&R) in this case on September 20, 2022. Judge Jelderks recommended that this Court deny Petitioner's Petition for Writ of Habeas Corpus, dismiss this case with prejudice but granting a Certificate of Appealability on Petitioner's claims of due process claim violation based on the exclusion of out-of-court statements and ineffective assistance of counsel based on the failure to appeal preindictment delay.

      Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner Ryan Lawrence Anthony (Anthony) timely filed an objection to the F&R, raising several allegations of error. ECF 74. Anthony first objects to the F&R's analysis on Anthony's claim that due process required that Anthony be allowed to present evidence of third-party guilt at trial. Anthony primarily relies on the recent Ninth Circuit decision in *Gable v. Williams*, 49 F.4th 1415 (2022), issued after the F&R. In *Gable*, the Ninth Circuit concluded that exclusion of a third-party confession deprived the petitioner of due process. *Id.* at 1329-31. This conclusion, however, was based on three critical facts not found in Anthony's case. First, in *Gable*, the state court's "purely mechanistic and technical" application of evidentiary rules did not "address the substance or reliability of [the third party] confessions." *Id.* at 1330. Second, the third party's confessions in *Gable* had the "strong indicia of reliability" of "confess[ing] within

months of the murder, multiple times, in several forms, to nearly unimpeachable witnesses and his family, with no apparent ulterior motive, and clearly against his penal interest." *Id.* Third, in *Gable*, the "confessions were corroborated by other evidence, including non-public facts about the murder that only a participant to the crime would know." *Id.*

Here, as discussed in the F&R (although not in the context of addressing *Gable*, which had not yet been issued), the state appellate court did not engage in a mechanistic and technical application of evidentiary rules but discussed in depth why the confessions were inadmissible. Additionally, as described in the F&R, the confessions at issue here do not have comparable indicia of reliability as found in *Gable*, or in other cases in which third-party confessions have supported due process claims. Finally, Anthony's purported corroborating evidence is speculative and nowhere near the level of corroboration at issue in *Gable*. Thus, Anthony's objections relying on *Gable* are unavailing. The Court has reviewed Anthony's other objections to the F&R's due process analysis and considered the issue *de novo* and adopts these portions of the F&R.

Anthony also challenges the F&R's conclusion that Anthony's appellate counsel was not ineffective for failing to appeal the prosecution's allegedly unconstitutional 27-year delay in bringing the indictment. As the F&R discusses, the state post-conviction relief (PCR) court addressed this issue under both Oregon's standard at the time of Anthony's direct appeal, which required intentional delay, as well as Oregon's subsequent standard requiring only negligence. The PCR court found that Anthony failed to prove culpable delay under either standard and thus Anthony's counsel was not ineffective for failing to appeal the preindictment delay. After analyzing the delay and counsel's performance, the F&R concluded that this was not an

unreasonable application of clearly established federal law. The Court has reviewed this issue *de novo* and adopts these portions of the F&R.

For those portions of the F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. The Court thus adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation. ECF 70. The Court DENIES Petitioner's Petition for Writ of Habeas Corpus, ECF 2, and DISMISSES this case with prejudice. The Court, however, GRANTS a Certificate of Appealability on the issues of whether Petitioner's due process rights were violated by the trial court's exclusion of out-of-court statements relating to potential third-party guilt and whether appellate counsel was constitutionally ineffective for failing to appeal based on preindictment delay.

**IT IS SO ORDERED.**

DATED this 13th day of December, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge